IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL T. WILHITE, JR., <br> MICHAEL D. THOMPSON, <br> THE WILLIAMSBURG CORP., <br> PATRICK J. THOMPSON, AND <br> THE KENNETH L. SCHNITZER, JR. <br> 1989 GIFT TRUST, <br><br> Plaintiffs, <br> v. <br><br> ACELL INVESTORS LIMITED, <br><br> Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:13-cv-1421 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Michael T. Wilhite, Jr., Michael D. Thompson, The Williamsburg Corp., Patrick J. Thompson, and The Kenneth L. Schnitzer, Jr. 1989 Gift Trust, Plaintiffs and file this their Original Complaint, complaining of Acell Investors Limited, Defendant, and for cause of action would show the Court as follows:

**I.**

**JURISDICTION**

1. This Court has diversity jurisdiction of this controversy pursuant to 28 U.S.C. §1332(a)(2) because the Plaintiffs are all citizens residing in Texas, the Defendant is a citizen of a foreign state, and the amount in controversy exceeds the sum of seventy-five thousand dollars, exclusive of interest and costs.

2. Defendant Acell Investors Limited is subject to the personal jurisdiction of this Court because it conducted business in the State of Texas, from time to time received certain mail at an address in Texas, and the promissory notes and loans that are the basis of this lawsuit are performable in Texas under the agreement that they be governed by Texas law. In addition, the promissory notes indicate they were made in Dallas, Texas and they are payable in U.S. dollars at the place designated by Plaintiffs.

## II.

## PARTIES

3. Plaintiff Michael T. Wilhite, Jr. is an individual and a citizen of the State of Texas.

4. Plaintiff Michael D. Thompson is an individual and a citizen of the State of Texas.

5. Plaintiff Williamsburg Corp. is a corporation duly incorporated under the laws of the State of Texas. Plaintiff Williamsburg Corp.'s principal place of business is Dallas, Dallas County, Texas.

6. Plaintiff Patrick J. Thompson is an individual and a citizen of the State of Texas.

7. Plaintiff The Kenneth L. Schnitzer, Jr. 1989 Gift Trust is a trust duly formed under the laws of the State of Texas.

8. Defendant Acell Investors Limited ("Acell") is an Irish limited company formed under the laws of the Republic of Ireland and is therefore a foreign citizen under the law. Defendant Acell's principal place of business is in Cork, Republic of Ireland. Pursuant to the records of the Companies Registration Office of the Republic of Ireland, Defendant Acell may be served at its registered office address c/o Crowleys DFK, 16/17 College Green, Dublin 2, Ireland.

### III.

### VENUE

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims of Plaintiffs occurred in the Northern District of Texas.

### IV.

### FACTUAL BACKGROUND

**A.  THE GIFT TRUST NOTES**

10. Plaintiff The Kenneth L. Schnitzer, Jr. 1989 Gift Trust ("Plaintiff Gift Trust") loaned monies to or for the benefit of Defendant Acell and pursuant to three unconditional promissory notes Defendant Acell promised to timely repay the borrowed monies to the Plaintiff Gift Trust.  Specifically, Acell, as Maker, executed and delivered to Plaintiff Gift Trust as Payee that certain Promissory Note in the original principal sum of One Hundred Thousand Dollars ($100,000.00) dated July 24, 2012 (the "Gift Trust Note 1").  Acell, as Maker, also executed and delivered to Plaintiff Gift Trust as Payee that certain Promissory Note in the original principal sum of Sixty Five Thousand Nine Hundred Seventy Two Dollars and Thirty Three Cents ($65,972.33) dated September 1, 2012 (the "Gift Trust Note 2").  In addition, Acell, as Maker, executed and delivered to Plaintiff Gift Trust as Payee that certain Promissory Note in the original principal sum of Two Hundred Fifty Thousand Dollars ($250,000.00) dated November 28, 2012 (the "Gift Trust Note 3").  True and correct copies of the Gift Trust Note 1, the Gift Trust Note 2, and the Gift Trust Note 3 are attached hereto as Exhibits "A-1" through "A-3" and incorporated herein for all purposes.  The Gift Trust Note 1, the Gift Trust Note 2, and the Gift Trust Note 3 are collectively referred to herein as the "Gift Trust Notes".

B. **AMOUNTS OWING UNDER THE GIFT TRUST NOTES**

11. Plaintiff Gift Trust is the owner and holder of the Gift Trust Notes. The Gift Trust Note 1 matured on February 15, 2013. On their face, the Gift Trust Note 2 matured on December 28, 2012, and the Gift Trust Note 3 matured on December 28, 2012. Plaintiff Gift Trust extended the maturity of the Gift Trust Notes 2 and 3 to February 15, 2013. Despite demand, Defendant Acell failed to pay the amounts due and owing under the Gift Trust Notes when same matured. Specifically, pursuant to a letter to Acell dated March 15, 2013 Plaintiff Gift Trust informed Acell it was in default of the Gift Trust Notes and demanded full payment of the Gift Trust Notes. A true and correct copy of the demand upon Acell made by the Plaintiff Gift Trust is attached hereto as Exhibit B.

12. As of April 5, 2013 the total amount of principal owing under the Gift Trust Note 1 is $100,000.00, and the total amount of accrued but unpaid interest owing under the Gift Trust Note 1 is $9,352.70. Interest continues to accrue on the Gift Trust Note 1 until paid at the rate of $52.65 per diem. As of April 5, 2013, the total amount of principal owing under the Gift Trust Note 2 is $65,972.33 and the total amount of accrued but unpaid interest owing under the Gift Trust Note 2 is $5,303.86. Interest continues to accrue on the Gift Trust Note 2 until paid at the rate of $34.32 per diem. As of April 5, 2013, the total amount of principal owing under the Gift Trust Note 3 is $250,000.00 and the total amount of accrued but unpaid interest owing under the Gift Trust Note 3 is $12,691.15. Interest continues to accrue on the Gift Trust Note 3 until paid at the rate of $126.48 per diem. As of April 5, 2013 the total amount of principal and accrued interest owing under the Gift Trust Notes is $443,320.04. Interest continues to accrue on the Gift Trust Notes until paid at the rate of $213.45 per diem.

C. **THE WILHITE NOTES**

13.     Plaintiff Michael T. Wilhite, Jr. ("Plaintiff Wilhite") loaned monies to or for the benefit of Defendant Acell and pursuant to four unconditional promissory notes Defendant Acell promised to timely repay the borrowed monies to the Plaintiff Wilhite.  Specifically, Acell, as Maker, executed and delivered to Plaintiff Wilhite as Payee that certain Promissory Note in the original principal sum of Sixty Five Thousand Nine Hundred Eighty Three Dollars and One Cent ($65,983.01) dated September 1, 2012 (the "Wilhite Note 1").  Acell, as Maker, also executed and delivered to Plaintiff Wilhite as Payee that certain Promissory Note in the original principal sum of Two Hundred Thousand Dollars ($200,000.00) dated September 24, 2012 (the "Wilhite Note 2").  In addition, Acell, as Maker, executed and delivered to Plaintiff Wilhite as Payee that certain Promissory Note in the original principal sum of Two Hundred Thousand Dollars ($200,000.00) dated November 7, 2012 (the "Wilhite Note 3").  Furthermore, Acell, as Maker, executed and delivered to Plaintiff Wilhite as Payee that certain Promissory Note in the original principal sum of Three Hundred Thousand Dollars ($300,000.00) dated November 21, 2012 (the "Wilhite Note 4").  True and correct copies of the Wilhite Note 1, the Wilhite Note 2, the Wilhite Note 3, and the Wilhite Note 4 are attached hereto as Exhibits "C-1" through "C-4" and incorporated herein for all purposes.  The Wilhite Note 1, the Wilhite Note 2, the Wilhite Note 3, and the Wilhite Note 4 are collectively referred to herein as the "Wilhite Notes".

D. **AMOUNTS OWING UNDER THE WILHITE NOTES**

14.     Plaintiff Wilhite is the owner and holder of the Wilhite Notes.  On their face, the Wilhite Notes matured on December 28, 2012.  Plaintiff Wilhite extended the maturity of the Wilhite Notes to February 19, 2013.  Despite demand, Defendant Acell failed to pay the amounts due and owing under the Wilhite Notes when same matured.  Specifically, pursuant to a letter to

Acell dated March 14, 2013 Plaintiff Wilhite informed Acell it was in default of the Wilhite Notes and demanded full payment of the Wilhite Notes. A true and correct copy of the demand upon Acell made by the Plaintiff Wilhite is attached hereto as Exhibit D.

15.     As of April 5, 2013, the total amount of principal owing under the Wilhite Note 1 is $65,983.01 and the total amount of accrued but unpaid interest owing under the Wilhite Note 1 is $5,256.11.   Interest continues to accrue on the Wilhite Note 1 until paid at the rate of $34.36 per diem.  As of April 5, 2013, the total amount of principal owing under the Wilhite Note 2 is $200,000.00 and the total amount of accrued but unpaid interest owing under the Wilhite Note 2 is $14,385.82.   Interest continues to accrue on the Wilhite Note 2 until paid at the rate of $103.42 per diem.  As of April 5, 2013, the total amount of principal owing under the Wilhite Note 3 is $200,000.00 and the total amount of accrued but unpaid interest owing under the Wilhite Note 3 is $11,428.47.   Interest continues to accrue on the Wilhite Note 3 until paid at the rate of $102.00 per diem.  As of April 5, 2013, the total amount of principal owing under the Wilhite Note 4 is $300,000.00 and the total amount of accrued but unpaid interest owing under the Wilhite Note 4 is $15,731.24.   Interest continues to accrue on the Wilhite Note 4 until paid at the rate of $152.32 per diem.  As of April 5, 2013 the total amount of principal and accrued interest owing under the Wilhite Notes is $812,784.65.   Interest continues to accrue on the Wilhite Notes until paid at the rate of $392.10 per diem.

### E.     THE THOMPSON NOTES

16.     Plaintiff Michael D. Thompson ("Plaintiff Thompson") loaned monies to or for the benefit of Defendant Acell and pursuant to three unconditional promissory notes Defendant Acell promised to timely repay the borrowed monies to the Plaintiff Thompson.   Specifically, Acell, as Maker, executed and delivered to Plaintiff Thompson as Payee that certain Promissory Note in the

original principal sum of Sixty Five Thousand Nine Hundred Eighty Three Dollars and One Cent ($65,983.01) dated September 1, 2012 (the "Thompson Note 1"). Acell, as Maker, also executed and delivered to Plaintiff Thompson as Payee that certain Promissory Note in the original principal sum of One Hundred Thousand Dollars ($100,000.00) dated September 21, 2012 (the "Thompson Note 2").  In addition, Acell, as Maker, executed and delivered to Plaintiff Thompson as Payee that certain Promissory Note in the original principal sum of Fifty Thousand Dollars ($50,000.00) dated November 30, 2012 (the "Thompson Note 3").  True and correct copies of the Thompson Note 1, the Thompson Note 2, and the Thompson Note 3 are attached hereto as Exhibits "E-1" through "E-3" and incorporated herein for all purposes.  The Thompson Note 1, the Thompson Note 2, and the Thompson Note 3 are collectively referred to herein as the "Thompson Notes".

**F.     AMOUNTS OWING UNDER THE THOMPSON NOTES**

17.     Plaintiff Thompson is the owner and holder of the Thompson Notes.  On their face, the Thompson Notes matured on December 28, 2012.  Plaintiff Thompson extended the maturity of the Thompson Notes until February 15, 2013.  Despite demand, Defendant Acell failed to pay the amounts due and owing under the Thompson Notes when same matured. Specifically, pursuant to a letter to Acell dated March 14, 2013 Plaintiff Thompson informed Acell it was in default of the Thompson Notes and demanded full payment of the Thompson Notes.  A true and correct copy of the demand upon Acell made by the Plaintiff Thompson is attached hereto as Exhibit D.

18.     As of April 5, 2013, the total amount of principal owing under the Thompson Note 1 is $65,983.01, and the total amount of accrued but unpaid interest owing under the Thompson Note 1 is $5,304.72.   Interest continues to accrue on the Thompson Note 1 until paid at the rate of $34.32 per diem.   As of April 5, 2013, the total amount of principal owing under the Thompson

Note 2 is $100,000.00 and the total amount of accrued but unpaid interest owing under the Thompson Note 2 is $7,366.10. Interest continues to accrue on the Thompson Note 2 until paid at the rate of $51.69 per diem. As of April 5, 2013, the total amount of principal owing under the Thompson Note 3 is $50,000.00 and the total amount of accrued but unpaid interest owing under the Thompson Note 3 is $2,504.56. Interest continues to accrue on the Thompson Note 3 until paid at the rate of $25.28 per diem. As of April 5, 2013 the total amount of principal and accrued interest owing under the Thompson Notes is $231,158.39. Interest continues to accrue on the Thompson Notes until paid at the rate of $111.29 per diem.

### G.   THE WILLIAMSBURG NOTES

19.   Plaintiff The Williamsburg Corporation ("Plaintiff Williamsburg") loaned monies to or for the benefit of Defendant Acell and pursuant to three unconditional promissory notes Defendant Acell promised to timely repay the borrowed monies to the Plaintiff Williamsburg. Acell, as Maker, executed and delivered to Plaintiff Williamsburg as Payee that certain Promissory Note in the original principal sum of Sixty Five Thousand Nine Hundred Eighty Three Dollars and One Cent ($65,983.01) dated September 1, 2012 (the "Williamsburg Note 1"). Acell, as Maker, also executed and delivered to Plaintiff Williamsburg as Payee that certain Promissory Note in the original principal sum of Two Hundred Thousand Dollars ($200,000.00) dated September 21, 2012 (the "Williamsburg Note 2"). In addition, Acell, as Maker, executed and delivered to Plaintiff Williamsburg as Payee that certain Promissory Note in the original principal sum of Two Hundred Fifty Thousand Dollars ($250,000.00) dated December 3, 2012 (the "Williamsburg Note 3"). True and correct copies of the Williamsburg Note 1, the Williamsburg Note 2, and the Williamsburg Note 3 are attached hereto as Exhibits "F-1" through

"F-3" and incorporated herein for all purposes. The Williamsburg Note 1, the Williamsburg Note 2, and the Williamsburg Note 3 are collectively referred to herein as the "Williamsburg Notes".

**H.   AMOUNTS OWING UNDER THE WILLIAMSBURG NOTES**

20.   Plaintiff Williamsburg is the owner and holder of the Williamsburg Notes. On their face, the Williamsburg Notes matured on December 28, 2012. Plaintiff Williamsburg extended the maturity of the Williamsburg Notes until February 15, 2013. Despite demand, Defendant Acell failed to pay the amounts due and owing under the Williamsburg Notes when same matured. Specifically, pursuant to a letter to Acell dated March 14, 2013 Plaintiff Williamsburg informed Acell it was in default of the Williamsburg Notes and demanded full payment of the Williamsburg Notes. A true and correct copy of the demand upon Acell made by the Plaintiff Williamsburg is attached hereto as Exhibit D.

21.   As of April 5, 2013, the total amount of principal owing under the Williamsburg Note 1 is $65,983.01, and the total amount of accrued but unpaid interest owing under the Williamsburg Note 1 is $5,304.72. Interest continues to accrue on the Williamsburg Note 1 until paid at the rate of $34.32 per diem. As of April 5, 2013, the total amount of principal owing under the Williamsburg Note 2 is $200,000.00 and the total amount of accrued but unpaid interest owing under the Williamsburg Note 2 is $14,732.20. Interest continues to accrue on the Williamsburg Note 2 until paid at the rate of $103.39 per diem. As of April 5, 2013, the total amount of principal owing under the Williamsburg Note 3 is $250,000.00 and the total amount of accrued but unpaid interest owing under the Williamsburg Note 3 is $12,270.26. Interest continues to accrue on the Williamsburg Note 3 until paid at the rate of $126.28 per diem. As of April 5, 2013 the total amount of principal and accrued interest owing under the Williamsburg Notes is

$548,290.19. Interest continues to accrue on the Williamsburg Notes until paid at the rate of $263.99 per diem.

## I.     THE PATRICK THOMPSON NOTE

22.     Plaintiff Patrick J. Thompson ("Plaintiff P. Thompson") loaned monies to or for the benefit of Defendant Acell and pursuant to an unconditional promissory note Defendant Acell promised to timely repay the borrowed monies to the Plaintiff P. Thompson. Specifically, Acell, as Maker, executed and delivered to Plaintiff P. Thompson as Payee that certain Promissory Note in the original principal sum of Sixty Five Thousand Nine Hundred Eighty Three Dollars and One Cent ($65,983.01) dated September 1, 2012 (the "Patrick Thompson Note"). A true and correct copy of the Patrick Thompson Note is attached hereto as Exhibit G and incorporated herein for all purposes.

## J.     AMOUNT OWING UNDER THE PATRICK THOMPSON NOTE

23.     Plaintiff Patrick Thompson is the owner and holder of the Patrick Thompson Note. On its face, the Patrick Thompson Note matured on December 28, 2012. Plaintiff P. Thompson extended the maturity of the Patrick Thompson Note until February 15, 2013. Despite demand, Defendant Acell failed to pay the amounts due and owing under the Patrick Thompson Note when same matured. Specifically, pursuant to a letter to Acell dated March 14, 2013 Plaintiff P. Thompson informed Acell it was in default of the Patrick Thompson Note and demanded full payment of the Patrick Thompson Note. A true and correct copy of the demand upon Acell made by the Plaintiff P. Thompson is attached hereto as Exhibit D.

24.     As of April 5, 2013, the total amount of principal owing under the Patrick Thompson Note is $65,983.01 and the total amount of accrued but unpaid interest owing under the Patrick Thompson Note is $5,304.72. Interest continues to accrue on the Patrick Thompson Note

until paid at the rate of $34.32 per diem. As of April 5, 2013 the total amount of principal and accrued interest owing under the Patrick Thompson Note is $71,287.73. Interest continues to accrue on the Patrick Thompson Note until paid at the rate of $34.32 per diem.

### K.   THE LOANS

25.   In addition to the Promissory Notes identified herein, certain loans were made by Plaintiff Thompson and Plaintiff Wilhite to or for the benefit of Defendant Acell. On July 26, 2012, Plaintiff Thompson loaned Defendant the sum of Fifty Thousand Dollars ($50,000.00) (the "Thompson Loan"). On August 17, 2012, Plaintiff Wilhite loaned Defendant the sum of One Hundred Thousand Dollars ($100,000,00), and on August 28, 2012, Plaintiff Wilhite loaned Defendant One Hundred Fifty Thousand Dollars ($150,000.00) (collectively, the "Wilhite Loans"). The Thompson Loan and the Wilhite Loans made to Defendant Acell by Plaintiffs Wilhite and Thompson are referred to collectively herein as the "Loans". In exchange for the Loans, Defendant agreed to repay the Loans and promised to execute Convertible Promissory Notes in a form approved by Defendant's Board of Directors to evidence Defendant's payment obligations. However, Defendant failed to execute the Convertible Promissory Notes and failed to repay the amounts due and owing to Plaintiffs Thompson and Wilhite under the Loans.

26.   Pursuant to the agreement of Plaintiffs Thompson and Wilhite and Defendant, the monies loaned to Defendant Acell pursuant to the Loans were to be repaid by Acell no later than November 30, 2012. Furthermore, pursuant to the agreement of Plaintiffs Thompson and Wilhite and Defendant, the outstanding principal amounts of the Loans were to accrue interest at the rate of twelve per cent (12%) per annum. In addition, the Plaintiffs Thompson and Wilhite and Defendant agreed that in the event of nonpayment of the Loans upon maturity, Plaintiffs

Thompson and Wilhite are entitled to eighteen per cent (18%) interest per annum on all indebtedness under the Loans.

## L.    AMOUNTS OWING UNDER THE LOANS

27.    To date, nothing has been repaid to Plaintiffs Wilhite and Thompson on the Loans. The Loans remain owing to Plaintiffs Wilhite and Thompson.  Plaintiff Thompson extended the maturity of the Thompson Loan to February 15, 2013.  Plaintiff Wilhite extended the maturity of the Wilhite Loans to February 19, 2013.  Despite demand, Defendant Acell failed to pay the amounts due and owing under the Loans when the Loans matured.  Specifically, pursuant to a letter to Acell dated March 14, 2013 Plaintiffs Wilhite and Thompson informed Acell it was in default of the Loans and demanded full payment of the Loans.  A true and correct copy of the demand upon Acell made by the Plaintiffs Wilhite and Thompson upon the Loans is attached hereto as Exhibit D.

28.    As of April 5, 2013, the total amount of principal owing by Defendant Acell under the Thompson Loan to Plaintiff Thompson is $50,000 and the total amount of accrued but unpaid interest owing under the Thompson Loan is $4,642.68.  Interest continues to accrue on the Thompson Loan until paid at the rate of $26.31 per diem.  As of April 5, 2013, the total amount of principal owing by Defendant Acell under the Wilhite Loans to Plaintiff Wilhite is $250,000 and the total amount of accrued but unpaid interest owing under the Wilhite Loans is $20,620.37. Interest continues to accrue on the Wilhite Loans until paid at the rate of $130.55 per diem.  As of April 5, 2013, the total amount of principal and accrued interest owing by Defendant Acell under the Loans is $325,263.05.  Interest continues to accrue on the Loans until paid at the rate of $156.86 per diem.

## M.     AMOUNTS OWING FOR REIMBURSEMENT OF EXPENSES

29.     For and on behalf of the benefit of Defendant Acell, at its request, and for purposes of conducting the business of Acell, Plaintiff Wilhite incurred expenses and submitted such expenses to Acell for reimbursement.   To date Acell has failed to provide such reimbursement.

30.     Specifically, from May, 2012 through October, 2012, Plaintiff Wilhite made a number of international trips for and on behalf of Acell and incurred travel expenses for transportation, lodging, and meals.   In addition, Plaintiff Wilhite incurred federal express charges, and entertainment expenses for conducting business and business development for Defendant Acell.  In addition, Plaintiff Wilhite provided the apartment deposit in Milan, Italy for Acell's CEO who was in Italy as directed by the Board of Acell and needed housing.   Plaintiff Wilhite submitted the expense reimbursement request to Acell in the amount of $58,772.36 and it was approved by the compensation committee of the Board of Directors of Acell (the "October, 2012 Expense Reimbursement").   A copy of the summary chart of the October, 2012 Expense Reimbursement is attached hereto as Exhibit H.   To date Acell has failed to pay to Plaintiff Wilhite the monies due him for the October, 2012 Expense Reimbursement.

31.     In addition, in December, 2012 the Board of Directors of Defendant Acell authorized the retention of Dennis Cassell of Haynes & Boone as independent counsel to the Board for the benefit of Defendant Acell.   Plaintiff Wilhite, for and on behalf of Defendant Acell, paid to Haynes & Boone the sum of $5,000 required to retain the law firm.   In addition, Plaintiff Wilhite travelled to Dublin, Ireland and Milan, Italy for and on behalf of Defendant Acell and incurred travel expenses for which Defendant Acell is liable.  Plaintiff Wilhite submitted to Defendant Acell an expense reimbursement request to Acell in the amount of $18,540.40 dated December 31, 2012 ("the December, 2012 Expense Reimbursement").   A copy of the summary chart of the

December, 2012 Expense Reimbursement is attached hereto as Exhibit I.  To date Acell has failed to pay to Plaintiff Wilhite the monies due him for the December, 2012 Expense Reimbursement.

## V.

## CLAIMS

**A.     SUIT ON NOTES AND LOANS FOR BREACH OF CONTRACT**

32.     The allegations of paragraphs 1 through 31 are incorporated herein by reference, and the Gift Trust Notes, the Wilhite Notes, the Thompson Notes, the Williamsburg Notes, and the Patrick Thompson Note are collectively referred to as the "Promissory Notes".

33.     As set forth herein, Defendant Acell is in default of each of the Promissory Notes and Loans described herein and Defendant Acell breached its obligations to repay to Plaintiffs the monies loaned to or for the benefit of Defendant Acell.

34.     Plaintiffs sue Defendant Acell on such Promissory Notes and Loans described herein and by this lawsuit seek to recover judgment against Acell for all monies, including unpaid principal and accrued and unpaid interest, due and owing to Plaintiffs under the Promissory Notes and Loans described herein.

35.     The breach by Defendant Acell of its obligations to pay Plaintiffs pursuant to the Promissory Notes and Loans described herein proximately caused Plaintiffs to incur specific liquidated damages as specifically set forth herein, for which Plaintiffs seek judgment against Acell.

36.     Plaintiffs' actual damages include the monies loaned to or for the benefit of Defendant Acell pursuant to the Promissory Notes and the Loans as described herein, plus accrued interest on such monies.  In addition, Plaintiffs seek pre-judgment interest at the maximum lawful rate or at the default rate as provided in the applicable Promissory Notes and Loans.  Moreover,

Plaintiffs are entitled to recover, and seek, post-judgment interest at the maximum lawful rate from the date of judgment until paid.

## B. SUIT FOR BREACH OF CONTRACT FOR UNPAID BUSINESS EXPENSES

37. The allegations of paragraphs 1 through 36 are incorporated herein by reference, and the October, 2012 Reimbursement and the December, 2012 Reimbursement are collectively referred to as the "Reimbursable Expenses".

38. Plaintiff Wilhite incurred the Reimbursable Expenses with the reasonable expectation based on industry custom and usage and the direction of the Board of Directors of Defendant Acell that the Reimbursable Expenses would be paid by Defendant Acell to Plaintiff Wilhite. Indeed, Plaintiff Wilhite incurred the Reimbursable Expenses for the sole benefit of Defendant Acell.

39. As set forth herein, Defendant Acell has failed to pay the Reimbursable Expenses to Plaintiff Wilhite, despite requests for reimbursement of some of the expense having been made more than five months ago. Defendant Acell breached its implicit agreement with Plaintiff Wilhite to pay the Reimbursable Expenses.

40. Plaintiff Wilhite sues Defendant Acell for breach of contract and by this lawsuit seeks to recover judgment against Acell for all Reimbursable Expenses owing to Plaintiff Wilhite.

41. The breach by Defendant Acell of its obligations to pay Plaintiff Wilhite the Reimbursable Expenses described herein proximately caused Plaintiff Wilhite to incur specific liquidated damages as specifically set forth herein, for which Plaintiff Wilhite seeks judgment against Acell.

42. Plaintiff Wilhite's actual damages for the failure of Defendant Acell to pay the Reimbursable Expenses is $77,312.76.  In addition, Plaintiff Wilhite seeks post-judgment interest on such damages at the maximum lawful rate from the date of judgment until paid.

C. **SUIT FOR QUANTUM MERUIT/IMPLIED CONTRACT/UNJUST ENRICHMENT REGARDING REIMBURSABLE EXPENSES**

43. The allegations of paragraphs 1 through 42 are incorporated herein by reference.

44. Plaintiff Wilhite incurred the Reimbursable Expenses with the reasonable expectation based on industry custom and usage and the direction of the Board of Directors of Defendant Acell that the Reimbursable Expenses would be paid by Defendant Acell to Plaintiff Wilhite.  Indeed, Plaintiff Wilhite incurred the Reimbursable Expenses for the sole benefit of Defendant Acell.  An implied contract existed between Plaintiff Wilhite and Defendant Acell that Defendant Acell would fully reimburse Plaintiff Wilhite for the expenses he incurred.  Defendant Acell received the benefit of Plaintiff Wilhite's efforts for which the Reimbursable Expenses were incurred. The Reimbursable Expenses would not have been incurred by Plaintiff Wilhite but for the purpose of enriching and benefiting Defendant Acell.

45. Defendant Acell has failed to pay the Reimbursable Expenses to Plaintiff Wilhite, despite request for reimbursement of some of the expenses having been made more than five months ago.  Defendant Acell has been unjustly enriched by the efforts of Plaintiff Wilhite for which the Reimbursable Expenses were incurred and it would be unjust and inequitable for Defendant Acell to retain such benefits without paying to Plaintiff Wilhite the Reimbursable Expenses.

46. Plaintiff Wilhite sues Defendant Acell for quantum meruit and unjust enrichment on the implied contract between Plaintiff Wilhite and Defendant Acell.  By this lawsuit Plaintiff

Wilhite seeks to recover judgment against Defendant Acell for the Reimbursable Expenses owing to Plaintiff Wilhite.

47. The unjust enrichment of Defendant Acell described herein is equal to the amount of the Reimbursable Expenses sought herein and should be disgorged from Defendant Acell and paid to Plaintiff Wilhite.

48. Plaintiff Wilhite's actual damages for Defendant Acell's unjust enrichment is $77,312.76. In addition, Plaintiff Wilhite seeks post-judgment interest on such damages at the maximum lawful rate from the date of judgment until paid.

### D.    CLAIM FOR ATTORNEYS' FEES AND EXPENSES

49. The allegations of paragraphs 1 through 48 are incorporated herein by reference.

50. As a result of Defendant's breach of its obligations to pay the amounts due and owing to Plaintiffs under the Promissory Notes, the Loans, and the Reimbursable Expenses, Plaintiffs engaged the undersigned law firm and agreed to pay said firm reasonable attorneys' fees and expenses for the collection of the monies due to Plaintiffs. In addition, Plaintiffs are in the process of engaging the law firm of Mason Hayes & Curran in Dublin, Ireland to assist with the collection of the amounts due by Defendant to Plaintiffs. Pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, and the terms of the Promissory Notes described herein, Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees and costs from Defendant Acell. Such attorneys fees, expenses, and costs include those incurred by Plaintiffs in filing this Complaint, obtaining judgment against Defendant, the appeal of any judgment against Defendant, and collecting the judgment.

E.     **CONDITIONS PRECEDENT**

51.    All offsets and credits to Defendant have been made by Plaintiffs.  Furthermore, all conditions precedent to the maintenance of this lawsuit against Defendant have been performed by Plaintiffs or have occurred.

## VI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant Acell be cited to appear and answer herein and that upon final hearing, Plaintiffs have judgment against Defendant Acell for the amounts set forth hereinabove plus pre-judgment interest as alleged hereinabove; that Plaintiffs recover their attorneys' fees and expenses as sought above, with postjudgment interest on the combined sum at the highest rate allowed by law from the date of judgment until timely paid; all costs of court, and for such other and further relief at law or in equity as is just and proper.

Respectfully submitted this the 9th day of April, 2013.

>    **SCHEEF & STONE, LLP**
>
>    By:    */s/ Kelly M. Crawford*
>           Kelly M. Crawford
>           Texas State Bar No. 05030700
>           Charlene C. Koonce
>           Texas State Bar No. 11672850
>
>    500 North Akard Street, Suite 2700
>    Dallas, Texas 75201
>    (214) 706-4200 – Telephone
>    (214) 706-4242 – Facsimile
>    Kelly.Crawford@SolidCounsel.com
>    Charlene.Koonce@SolidCounsel.com
>
>    **ATTORNEYS FOR PLAINTIFFS**