IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL T. WILHITE, JR., <br> MICHAEL D. THOMPSON, <br> THE WILLIAMSBURG CORPORATION, <br> PATRICK J. THOMPSON; AND <br> STEPHEN JACOBS AND <br> STEPHEN LASHER, CO-TRUSTEES OF <br> THE KENNETH L. SCHNITZER, JR. 1989 <br> GIFT TRUST, <br>       Plaintiffs, <br> v. <br> ACELL INVESTORS LIMITED, <br>       Defendant. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:13-cv-1421 |

**PLAINTIFFS' AND COUNTERDEFENDANTS'
REPY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**

In recognition of the low standard to obtain Rule 15 leave to amend, Defendant's leading argument is for an opportunity to amend its deficient counterclaims.[1]  Defendant argues its claims are sufficiently pleaded, but as in its' counterclaims, fail to provide factual detail supporting its' arguments.  The counterclaims fall woefully short of Rule 8 and 9(b) and thus require dismissal.

**A.      Defendant's Fraud- Based Claims Lacks Rule 9(b) Specificity**

The requirements of Rule 9(b) are analogous to "the first paragraph of a newspaper story, namely the who, what, when, where, and how." *Melder v. Morris,* 27 F.3d 1097, 1100 n. 5 (5th Cir.1994) (citing *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990)).  The allegations

---

[1] In recognition of the same standard, Plaintiffs do not oppose leave to amend any of the counterclaims, except the declaratory judgment claim which is redundant of Defendants' affirmative defenses and should be dismissed with prejudice.

must also include factual support for why the statements are allegedly fraudulent. *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir.2004). Further, Rule 9(b) is applied "with force, without apology." *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 178 (5th Cir.1997).

Although boldly claiming that assertions of "technical" pleading deficiencies are "wrong," Defendant provides references to only two specific sentences in its pleading in support of its fraud claim. Those sentences, however, like the entire counterclaim, lack Rule 9(b) specificity:

> "82: For example, various new shareholders and investors were located that were willing and prepared to provide the company with business and capital. However, each time, Wilhite- with the knowledge and aid of the remaining counterdefendants – intentionally and deliberately undermined the efforts so that the company could be made more desperate."

What did Wilhite do or say to undermine efforts to obtain capital, to whom did he direct his actions or statements, when and where did this occur, and what facts support the contention that the remaining counterdefendants had knowledge or provided aid in these actions or statements?

> The same deficiencies are evident in the second paragraph referenced by Defendant.

> "87. Because, or course, it was almost inconceivable that the company would be able to pay those debts in 31 days, Wilhite and the counterdefendants convinced the board that debts would be converted to stock if additional financing could not be located quickly. In the meantime, Wilhite finally agreed that the company would actively seek additional investors and he agreed to send out a new PPM seeking investment."

What was said, by which defendant, when, to which board members, and why was the statement false?[2] Was additional financing not located quickly? Were new PPMs sent out? In

---

[2] Importantly, proving fraud based on a promise of future performance requires proof that the person making the representation had no intention of performing at the time the statement was made. *Fluorine On Call, Ltd. v. Fluorogas Ltd.,* 380 F.3d 849, 858 (5th Cir.2004) (Texas law) (internal citations omitted).

what manner (and from which investors) did Wilhite and the counterdefendants run from new investors?[3]

These unanswered Rule 9(b) questions demonstrate the conclusory and deficient nature of Defendant's fraud claim.  Because the breach of fiduciary duty and conspiracy claims rely on the same deficient facts, they too must be dismissed.

## B.     Defendant Did Not Plead a Negligent Misrepresentation Claim

Defendant relies on the duty of care owed pursuant to a negligent misrepresentation claim in asserting its negligence counterclaim is plausible. The flaw with the argument, however, is that the factual allegations do not support the elements of a negligent misrepresentation claim,[4] and Defendant did not plead a negligent misrepresentation claim.

Instead, Defendant pleaded a negligence claim:

> "95.    As described above, Counterdefendants had a legal duty of care to Acell and breached that duty.  As a direct and proximate result of these breaches of Counterdefendants' legal duty, Acell has been injured."

With respect to a bare negligence claim, however, no factual allegations support any duty.

Further, *if* Defendant had asserted a negligent misrepresentation claim, when premised on the same facts as its fraud claim, Rule 9(b) rather than Rule 8 would govern the sufficiency of the claim.  *Kougl v. Xspedius Mgmt. Co.,* 2005 WL 1421446, at *5–6 (N.D.Tex. June 1, 2005) (Fitzwater, J.) (holding that when plaintiffs "fail to distinguish their negligent misrepresentation claims from those based on fraud, the court will not separate the two when applying its Rule 9(b) analysis) (citation omitted).  Defendant's global argument that "Counterdefendants "took actions

---

[3] *See ¶ 88,* Defendant's Amended Answer and Counterclaims.

[4] The elements of negligent misrepresentation are: (1) the representation is made by the defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex.1991).

and made representations" to Acell that caused Acell to have a cash crisis and then "swept in with a promise to resolve that crisis" is neither supported by the factual allegations in the counterclaims, nor sufficient pursuant to Rule 9(b) to plead a plausible negligent misrepresentation claim.  Moreover, Defendant does not plead any facts suggesting that any of the Plaintiffs failed to exercise reasonable care or competence in obtaining or communicating any information, or even that Defendant's reliance on any allegedly false information provided by any Plaintiff was justifiable.

Defendant's negligence claim lacks factual allegations supporting the existence of a duty, and Defendant did not plead a negligent misrepresentation claim.  Even if the later claim was pleaded however, Rule 9(b) would require its dismissal.

### D.  Defendant Pleads No Factual Support for a Breach of Contract Claim

Defendant pleads that Acell's board "converted" prior loans to new terms, and ratified and approved the prior loans. *Answer ¶ 86.*  Defendant, however, does not plead that the board converted, ratified and approved these loans in consideration for a promise that the debts would be converted to stock, or even that any such offer to convert debt to stock was "accepted" by the board contemporaneously with approval of the notes.  Defendant's bare-bones breach of contract claim, a blatant attempt to plead a claim for which recovery of attorney's fees is permitted, fails Rule 8 and should be dismissed.

### E.  The Declaratory Judgment Claim is Redundant

In asserting its declaratory judgment claim should not be dismissed or stricken as redundant, Defendant alleges that "even if counterdefendants were to succeed on their claims and show that a valid contract exists and was breached, Acell could prevail in showing that the contracts should be declared void based on the other actions of Counterdefendants that are

alleged in the counterclaim." *Response,* ¶ 10.  The "other actions" that would suffice to void (rather than prevent enforcement) of a breach of contract claim are Defendant's allegations of fraud.  Fraud and fraud in the inducement, however, are included in Defendant's Answer as affirmative defenses.  *Answer,* ¶ 56.  Defendant's declaratory judgment claim should thus be dismissed, with prejudice.  *See, Symetra Life Ins. Co. v. Rapid Settlements Ltd.,* 612 F. Supp. 2d 759, 768 (S.D. Tex. 2007)(Where counterclaims do not seek relief different from the defendant's affirmative defenses, dismissal is appropriate); *United States v. Forest Dale, Inc.,* 818 F. Supp. 954, 971 (N.D. Tex. 1993) (Dismissing a declaratory judgment third-party claim because "the issues upon which Defendants seek a declaration are necessarily ones which will be addressed in [the] main action.")

F.   **Conclusion**

Defendant's counterclaims lack Rule 8 plausibility and Rule 9(b) specificity. Further, Defendant pleaded a plain-vanilla negligence claim; not a negligent misrepresentation claim, but even a negligent misrepresentation claim would fail Rule 9(b).  Finally, Defendant's affirmative defenses encompass a potential declaration that an otherwise enforceable contract is "void," and thus Defendant's redundant declaratory judgment should be dismissed with prejudice.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Court dismiss Defendant's counterclaims, and request such other and further relief to which they may show themselves entitled.

Respectfully submitted,

**SCHEEF & STONE, LLP**

By: */s/ Charlene C. Koonce*
C. John Scheef III
Texas State Bar No. 17735585
Kelly M. Crawford
Texas State Bar No. 05030700
Charlene C. Koonce
Texas State Bar No. 11672850
500 North Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4200 – Telephone
(214) 706-4242 – Facsimile
Charlene.Koonce@SolidCounsel.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 16, 2013, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Geoffrey S. Harper
Steven H. Stodgill
J. Kristopher Long
Fish & Richardson, P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
*Counsel for Defendant*

*/s/ Charlene C. Koonce*
CHARLENE C. KOONCE